**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO.  3:07CV-P355-S**

**FRANK R. SHERLEY III**                                                                              **PLAINTIFF**

v.

**JEFFERSON COUNTY GOVERNMENT**                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983").  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

Plaintiff lists the following individuals in the parties section of his complaint: 1) Jefferson County Government of Ky.; 2) Correctional Medical Service/Prison Health Service Inc.; 3) Louisville Metro Director of Jail/Thomas Campbell; 4) Nurse McConnell; 5) Nurse Bacher; 6) Dr. Stingl; 7) Dr. Moise; 8) Guard Dodson; and 9) Guard Boog.  However, only Defendant Jefferson County Government, Louisville Metro Department of Corrections is listed in the caption or title of the complaint. Rule 10(a) of the Federal Rules of Civil Procedure states:  "In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."   The only party-defendant in this action, therefore, is Defendant Jefferson County Government, Louisville Department of Corrections.

Plaintiff's only allegation against this Defendant is "for having people in positions that are not qualified to handle medical need more efficiently or provide safe living conditions which violates constitutions of unsafe conditions and environment and also a callous disregard for

safety by jail personnel--violations of my 8th and 14th amendment." This allegation is so vague and conclusory that it fails to adequately put Defendant on notice of the nature of the claims being asserted it. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, it is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Additionally, it is plain from the exhibits attached to Plaintiff's complaint that the events about which he complains (slipping on spilled juice and the medical care he received thereafter) occurred in August 2005 through March 2006. Plaintiff did not file this lawsuit until July 2, 2007. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280, (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

In *Jones v. Bock*, --U.S.-- , 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), the United States Supreme Court explained that while the statute of limitations is an affirmative defense, if it is absolutely apparent from the face of the complaint that a prisoner's complaint is barred by the applicable statute of limitations, then dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted.

Having reviewed Plaintiff's complaint, the Court determines that his claims are time-barred. The exhibits included as part of Plaintiff's complaint unequivocally indicate that

the events about which he complains occurred in August 2005 through March 2006. Moreover, while the statute is tolled during the pendency of the grievance procedure, Plaintiff affirmatively states in his complaint that the last grievance he filed was in February 2006.[1] Thus, the statute of limitations expired several months before Plaintiff filed this action in July 2007.[2]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
4411.008

---

[1] Plaintiff states in his complaint that he filed grievances on "11-9-05, 1-10-06, and 2-6-06."

[2] Although not relied on by this Court in dismissing this action, the Court notes that the Kentucky Department of Corrections's website indicates that Plaintiff has been incarcerated at the Kentucky State Reformatory since May 2, 2006, well over a year before he filed this action concerning his treatment at the Louisville Metro Department of Corrections. *See* http://apps.corrections.ky.gov/KOOL.